UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS,<br>CDCR # B-80852,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>PEYMAN SHAKIBA, et al.,<br>　　　　　　　　　Defendants. | Case No.: 21-CV-1867 JLS (AGS)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

　　　　Plaintiff Michael Hicks, proceeding pro se and currently incarcerated at Richard J. Donovan State Prison ("RJD"), has filed a civil action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Plaintiff has not paid the filing fee required to commence a civil action; instead, he has filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2 ("IFP Mot.").

/ / /

/ / /

/ / /

# MOTION TO PROCEED *IN FORMA PAUPERIS*

## I. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that, under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted). These dismissals constitute strikes "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*,

531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## II.   Analysis

As a preliminary matter, the Court has reviewed Plaintiff's Complaint and notes he admits he is a "three-striker." *See* Compl. at 6. However, Plaintiff fails to include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff alleges an RJD nurse, a doctor, and medical appeals coordinator violated his Eighth Amendment rights to adequate medical care after he suffered a stroke in June 2021 and a "TIA stoke" on October 27, 2021.[1] *See* Compl. at 2–5. Specifically, Plaintiff

---

[1] "A transient ischemic attack (TIA) is a temporary period of symptoms similar to those of a stroke. A TIA usually lasts only a few minutes and doesn't cause permanent damage." *See* https:// www. mayo clinic.org/diseases-conditions/transient-ischemic-attack/symptoms-causes/syc-20355679 (last visited Dec. 7, 2021); *Morris v. Blade*, No. 21-CV-235 JLS (KSC), 2021 WL 2550092, at *5 n.2 (S.D. Cal. June 22, 2021) ("The Court may take judicial notice of medical dictionary definitions.") (citing *Jones v.*

contends Nurse Unson failed to take his initial complaints of numbness and dizziness seriously in June and refused Plaintiff's request to see a doctor after his blood pressure measured "within range." *Id.* at 3.[2] After Plaintiff suffered a stroke six days later and was examined by Dr. Shakiba on June 21, 2021, following his discharge from Tri-City Hospital, Plaintiff alleges Dr. Shakiba also "ignored his complaints" and told Plaintiff a follow-up appointment with Tri-City would be "set up eventually" if he "just went with the program." *Id.* at 4. On October 27, 2021, Plaintiff claims he was transferred and admitted to Alvarado Hospital with a TIA but has since been returned to RJD for follow up care. *Id.* Plaintiff alleges he continually filed complaints with the Health Care Appeals Coordinator in June, July, October, and November 2021, but he claims Stewart has either failed to respond, or has lied, to "cover[] up medical care indifference." *Id.* at 5.

Based on these facts, Plaintiff has not established he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). At most, Plaintiff's allegations show he disagrees with the adequacy of his health care at RJD over the six months preceding the filing of this action. However, he acknowledges his symptoms were initially addressed by RJD nurses and doctors and that he was transferred to two outside hospitals for treatment when his condition worsened. *See* Compl. at 3–4. These allegations are both insufficient as a matter of law to state a claim of subjective deliberate indifference as required by the Eighth Amendment, and insufficient to show that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference'" under the Eighth Amendment.)

---

*Neuschmid*, No. 18-01738 EJD (PR), 2021 WL 1056597, at *15 (N.D. Cal. March 18, 2021 (citations omitted)).

[2] In his Complaint, Plaintiff identified the nurse as Katherine Katchka, RN, but later filed a "Notice of Error" requesting to terminate Katchka as a party and to substitute Maricel Unson, RN, in Katchka's place. *See* ECF No. 4 at 1.

(citation omitted); *see also Jones v. Drs.,* No. 3:21-CV-00531-DMS-MSB, 2021 WL 4310998, at *2 (S.D. Cal. Sept. 22, 2021) (finding prisoner's complaints of chest pain, followed by x-ray and referral for follow up care, insufficient to satisfy section 1915(g)'s imminent danger exception); *Balzarini v. Lewis*, No.13-CV-820-LJO-BAM (PC), 2015 WL 2345464, at *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Thomas v. Ellis*, Case No. 12-cv-5563-W (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding imminent danger exception does not apply where the prisoner is receiving medical treatment but disputes the quality of the treatment he is receiving); *Stephens v. Castro*, No. 04-cv-6717-AWI-SMS(P), 2006 WL 1530265, at *1 (E.D. Cal. May 31, 2006) (noting disagreement with prison personnel about course of treatment does not establish an imminent danger of serious physical injury under section 1915(g).)

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike," *id.* at 1120. That is true here.

Based on the dockets of many court proceedings available on PACER,[3] this Court finds that Plaintiff Michael Hicks, identified as CDCR #B-80852, while incarcerated, has had at least three prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Hicks*

---

[3] A court may take judicial notice of its own records. *See Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). Furthermore, a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

*v. Berkson, et al.*, No. 1:02-cv-05905-AWI-SMS (E.D. Cal. June 19, 2003) (dismissing for failure to state a claim); *Hicks v. Family Healthcare, et al.*, No. 2:08-cv-05978-UA-FMO (C.D. Cal. Oct. 20, 2008) (dismissing action as legally and/or patently frivolous); *Hicks v. Cate, et al.*, No. 2:08-cv-00511-SPK (E.D. Cal. Apr. 23, 2009) (dismissing for failure to state a claim).  Additionally, other courts have found that these cases and several others constitute three strikes for purposes of section 1915(g).  *See Hicks v. Hamkar*, No. 2:13-cv-1678-DAD-O at 4–6 (E.D. Cal. Mar. 25, 2015); *Hicks v. Chisman*, No. 3:13-cv-505-SI at 2–3 (N.D. Cal. Apr. 4, 2013); *Hicks v. Lizzaraga, et al.*, No. 3:15-cv-2408-H-JLB at 3 (S.D. Cal. Feb. 16, 2016).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three "strikes" permitted by section 1915(g) and fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, Plaintiff is not entitled to the privilege of proceeding IFP.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g), **DISMISSES** this civil action based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a), **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge